KRISTIN S. ESCALANTE, Cal. Bar No. 169635
Email: escalantek@sec.gov
MATTHEW T. MONTGOMERY, Cal. Bar No. 260149
Email: montgomerym@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Alka N. Patel, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAY BELSON, SMARTE REAL ESTATE INVESTMENTS, INC., JACK ROCKMAN, LLC, JOHN BLACKSTONE, LLC, RESIDENCE AT ST. IVES, LLC, AND BELLAGIO PLACE RESIDENCE, LLC,<br><br>Defendants. | Case No. CV 17-5953 PA (KSx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT SMARTE REAL ESTATE INVESTMENTS, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant Smarte Real Estate Investments, Inc., having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

| | |
|---|---|
| 1 | **II.** |
| 2 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 3 | Defendant is permanently restrained and enjoined from violating Section 17(a) of the |
| 4 | Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale |
| 5 | of any security by the use of any means or instruments of transportation or |
| 6 | communication in interstate commerce or by use of the mails, directly or indirectly: |
| 7 | (a) to employ any device, scheme, or artifice to defraud; |
| 8 | (b) to obtain money or property by means of any untrue statement of a |
| 9 | material fact or any omission of a material fact necessary in order |
| 10 | to make the statements made, in light of the circumstances under |
| 11 | which they were made, not misleading; or |
| 12 | (c) to engage in any transaction, practice, or course of business which |
| 13 | operates or would operate as a fraud or deceit upon the purchaser. |
| 14 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 15 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 16 | binds the following who receive actual notice of this Final Judgment by personal |
| 17 | service or otherwise: (a) Defendant's officers, agents, servants, employees, and |
| 18 | attorneys; and (b) other persons in active concert or participation with Defendant or |
| 19 | with anyone described in (a). |
| 20 | **III.** |
| 21 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 22 | Defendant is liable, jointly and severally with Defendants Jack Rockman, LLC, John |
| 23 | Blackstone, LLC, Residences at St. Ives, LLC, Bellagio Place Residence, LLC, and |
| 24 | Jay Belson, for disgorgement of $1,824,872.04, representing profits gained as a result |
| 25 | of the conduct alleged in the Complaint, together with prejudgment interest thereon in |
| 26 | the amount of $73,993.52, for a total of $1,898,865.56. Defendant shall satisfy this |
| 27 | obligation by paying $1,898,865.56 to the Securities and Exchange Commission |
| 28 | within 14 days after entry of this Final Judgment. |

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Smarte Real Estate Investments, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $905,353 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Smarte Real Estate Investments, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth

4

herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 14, 2017

_____
UNITED STATES DISTRICT JUDGE